IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
August E. FABYAN, Jr., attorney at law.

Supreme Court

*No. 79–244–D. Filed March 3, 1981.*
(Also reported in 302 N.W.2d 499.)

PER CURIAM. *Attorney disciplinary proceeding; proceeding dismissed.*

On February 20, 1979, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that in 1973, August E. Fabyan, Jr., an attorney admitted to practice in this state since 1965, and who practices in Hartland, was retained by his father to represent him in a divorce action commenced by his mother. During the course of that proceeding, the respondent allegedly directed several defamatory and offensive remarks toward his mother's attorney and subsequent to the divorce proceeding filed a malpractice action on behalf of his mother against the attorney who had represented her in the divorce action. It was alleged that the filing of the malpractice action represented the continuation of a personal vendetta by the respondent against that attorney which the respondent knew served merely to harass or maliciously injure him. It was further alleged that the respondent's conduct in representing his mother constituted acceptance of professional employment where the exercise of his professional judgment was or reasonably would be affected

by his personal interest and where his continuing duty to another client, his father, was or reasonably would be affected by the representation of his mother.

The court referred this matter to the Hon. John Fiorenza as referee pursuant to SCR 21.09 (1980). Following a hearing held on December 19, 1980, the referee found that the respondent on several occasions directed offensive remarks to his mother's attorney, once in open court in the presence of the presiding judge and on other occasions in or about the courthouse, but the referee concluded that while the respondent's conduct was offensive and unprofessional, it did not constitute a violation of either the attorney's oath (SCR 40.13) or SCR chapter 20. The referee found that the malpractice action was filed with the consent of both the mother and the father and with their full knowledge of the respondent's earlier representation of the father. The referee concluded that the respondent's representation of his mother in the malpractice action, while it might give the appearance of impropriety and while the respondent's personal interest and involvement may have affected his professional judgment, was undertaken after full disclosure to both parents and with their consent and, consequently, did not constitute a violation of SCR chapter 20. The referee recommended that the complaint be dismissed without costs to either party. We hereby accept the referee's report.

It is ordered that the complaint in this matter is dismissed without costs to either party.

BEILFUSS, C.J., and ABRAHAMSON, J., took no part.